NO. 07-05-0393-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 28, 2007


 ______________________________



BARBARA J. STONE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407187; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON MOTION FOR REHEARING


 By an opinion dated December 21, 2006, we affirmed the trial court's decision on
appellant's motion to suppress evidence gathered following forced entry into appellant's
residence and appellant's consent to search the residence. Appellant has filed this motion
for rehearing contending that this court has failed to properly evaluate her case under a
Brick analysis. See Brick v. State, 738 S.W.2d 676, 678 (Tex.Crim.App. 1987). In that
opinion, we reviewed the trial court's decision denying appellant's motion to suppress
evidence by analyzing the legal issues of probable cause, exigent circumstances, and
voluntariness of consent. In its motion for rehearing, appellant only raises the issue of
voluntary consent by contending error in our Brick analysis. Appellant's motion for
rehearing is denied.

 In appellant's motion for rehearing, appellant contends that this court improperly
weighed the evidence under three of the six Brick factors. Specifically, appellant contends
that we improperly concluded that (1) the warrantless entry did not produce the police's
observation of evidence within the home; (2) the entry was not the result of flagrant police
misconduct; and (3) the police purpose underlying the warrantless entry was not to obtain
consent.

 However, appellant misinterprets our opinion. In our original opinion, we clearly
state that our purpose in reviewing the evidence was not to re-weigh the evidence under
Brick to determine whether the evidence should have been suppressed. Upon appeal, our
duty is to determine whether the trial court erred in denying appellant's motion to suppress
by abusing its discretion in finding that the State proved by clear and convincing evidence
that the consent was voluntary after affording almost total deference to the trial court's
determination of the historical facts that are supported by the record. See Montanez v.
State, 195 S.W.3d 101, 108 (Tex.Crim.App. 2006) (emphasis added). In our review of the
Brick factors, and specifically on two of the three factors to which appellant now complains,
we give almost total deference, to the trial court's ruling because its ruling was based on
questions of historical fact and application-of-law-to-fact questions that turned upon its
evaluation of the officer's credibility and demeanor. See Johnson v. State, 68 S.W.3d 644,
652 (Tex.Crim.App. 2002). Were we to make the determination that the State had failed
to prove by a clear and convincing standard that the consent was tainted by the illegal
entry, we would impermissibly eliminate the abuse of discretion standard of review afforded
a trial court's decision on issues of evidence admissibility. See Montanez, 195 S.W.3d at
108. Hence, our analysis of the trial court's decision on the voluntariness of appellant's
consent was correct.

 Appellant's motion for rehearing is denied.

 



 Mackey K. Hancock

 Justice





Quinn, C.J., would grant motion for rehearing. 



tyle="text-align: justify; line-height: 0.416667in; margin-bottom: 0.104167in">          Appellant Carlos Jose Cordova filed his notices of appeal on March 28, 2008 from
his convictions of the offense of aggravated robbery and the imposed concurrent
sentences of forty-five years in the Institutional Division of the Texas Department of
Criminal Justice. On February 29, 2008, the trial court filed its certifications representing
that appellant has the right of appeal. However, the appellate record reflects that appellant
failed to sign the certifications as required under Texas Rules of Appellate Procedure
25.2(d).


 See Tex. R. App. P. 25.2(d) (requiring the certification to be signed by appellant
and a copy served on him).
          Consequently, we abate the appeals and remand the causes to the 223rd District
Court of Gray County for further proceedings. On remand, the trial court shall utilize
whatever means it finds necessary to determine whether appellant desires to prosecute
the appeals and, if so, to obtain his signature on an amended trial court’s certification for
each cause.
          If necessary, the trial court shall execute findings of fact, conclusions of law, and any
necessary orders it may enter regarding the aforementioned issues and cause its findings,
conclusions, and orders, if any, to be included in a supplemental clerk’s record. The trial
court shall file the supplemental clerk’s record and the supplemental reporter’s record, if
any, with the Clerk of this Court by July 25, 2008.
 
                                                                                                 Per Curiam
 
Do not publish.